Judge Owslev
delivered the opinion of the court.
Assuming the fact to be, as the evidence introduced on the trial in the court below conduced to prove; and as upon the existence of which the instructions of that court were *190 hypothecated, that the plaintiffs in ervov had been possessed^ of the land in contest adversely, for upwards of twenty years before the bringing of the present suit, there is no doubt but, that according to the repeated decisions of this court, the court below improperly, by their instructions to the jury, confined the operation of the plaintiff’s possession to their actual close; but that as the survey under which the possession was taken had beeh previously made, the lines and corners of that survey must be taken as forming the boundary and giving limits to the possession.
Bibb for plaintiff, B. Hardin for defendant in error.
Such occupant buying the improvements made on an interfering claim, doss not render his possession amicable to that inte-fering claim.
And as the plaintiff, Parmenias Briscoe, is proven to have entered upon and taken the possession of the land in contest, in company with and by the directions of his father, Gerard Briscoe; and as the possession appears also to have been taken under the claim of Gerard Briscoe, then actually surveyed, the possession so taken, we are of opinion, should be considered adverse to that of the defendant in error, although Parmenias, by a contract with a certain Inlow, to whom it is shewn the defendant had previously sold his claim to the land, purchased and paid him for the improvements made upon the land.
The judgment must be reversed with cost, the cause rer manded, and further proceedings had, not inconsistent with this opinion.